AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

District of Maryland

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| VICTOR PRICE | ) | Case No. **15-0084 TJS** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __November 14, 2014__ in the county of __Baltimore City__ in the _____ District of __Maryland__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. Section 841(a)(1) | Possession With Intent to Distribute An Amount of Heroin |

This criminal complaint is based on these facts:

See Attached Affidavit

☐ Continued on the attached sheet.

*Complainant's signature*

Gary Smith, Task Force Officer (ATF)
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 01/20/2015

*Judge's signature*

City and state: Baltimore, Maryland

Timothy J. Sullivan, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * |
| VICTOR PRICE, | * Criminal No. **15-0084 TJS** |
| Defendant. | * |

...oOo...

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Task Force Officer Gary Smith, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a criminal complaint.

2. I am a Task Force Officer ("TFO") with the U.S. Department of Justice, Bureau of Alcohol Tobacco, Firearms and Explosives ("ATF"), and have been since February 2010. I have received specialized training in the investigation of violations of federal/state firearms and narcotics laws. In my current capacity, I am responsible for investigations of federal/state firearms and narcotics violations and the investigation of violent drug and firearm trafficking organizations.

3. Because this Affidavit is being submitted for the limited purpose of establishing probable cause for a criminal complaint, I have not included every detail of every aspect of the investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause. I have not, however, excluded any information known to me that would defeat a determination of probable cause.

4. The information contained in this Affidavit is based upon my personal knowledge, my review of documents and other evidence, and my conversations with other law enforcement officers and other individuals. All conversations and statements described in this Affidavit are related in substance and in part unless otherwise indicated. Summaries and descriptions, including quotations, of recorded conversations are based on a review of audio recordings and draft transcripts thereof.

## PROBABLE CAUSE

5. On November 14, 2014, at approximately 6:41 p.m., a closed-circuit television ("CCTV") operator observed a female, later identified as Jasmine Hatcher, sitting in the passenger seat of a gray Mazda bearing Maryland tag number 4BP8457, which was parked on the 100 block of North Eutaw Street. The CCTV operator later observed a male, later identified as Victor PRICE (date of birth: 7/23/1985), enter the driver seat of the vehicle.

6. After PRICE entered the vehicle, Ms. Hatcher removed a small clear bag containing objects (which were consistent in size and shape with street level narcotics) from the right side of her bra and handed the bag to PRICE. PRICE took the bag and appeared to untie the knot with his teeth. PRICE then held the bag low to his lap and out of camera view. After having the bag in his possession for a short period of time, PRICE handed the bag back to Ms. Hatcher. PRICE turned the light on in the vehicle. Inside the clear plastic bag were gel capsules containing a white powdery substance, which appeared to be suspected heroin. Ms. Hatcher then placed the bag of suspected heroin back in the right side of her bra and removed an unknown amount of currency from the left side of her bra and gave the currency to PRICE. PRICE then exited the vehicle.

**15-0084TJS**

7. Law enforcement responded to 100 North Eutaw and located the vehicle. When law enforcement asked Ms. Hatcher if she had anything illegal on her person, she told law enforcement, "Yes, I have the stuff that the guy over there gave me." Law enforcement advised Ms. Hatcher to hand over what was given to her and Ms. Hatcher removed from the right side of her bra, a small clear plastic bag filled with clear gel capsules containing a white powdery substance that was consistent with suspected heroin.

## CONCLUSION

8. Based upon the foregoing, I submit that there is probable cause to believe that Victor PRICE did knowingly and intentionally possess with intent to distribute an amount of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(b)(1).

Respectfully submitted,

Gary Smith
Task Force Officer
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Subscribed and sworn to before me on _January 20_, 2015

Honorable Timothy J. Sullivan
United States Magistrate Judge
District of Maryland

3